United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31123
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LOYD STEPHANS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-30027
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[1]

Loyd Stephens[2] appeals his conviction and sentence for taking a non-game bird in violation of the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703.

In cases tried before a magistrate judge and affirmed on appeal by the district court, we "will affirm the magistrate's findings if they are supported by substantial evidence." United States v. Lee, 217 F.3d 284, 288 (5th Cir. 2000) (internal

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] The defendant spells his last name as Stephens. Hence, court documents that have the defendant's last name spelled as Stephans are incorrect.

citation omitted). "Evidence is sufficient to support a conviction if any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Morgan, 311 F.3d 611, 613 (5th Cir. 2002) (internal quotation and citation omitted). This court examines the evidence as a whole in the light most favorable to the Government. Id.

Violations of § 703 are strict liability offenses, requiring no proof of specific intent to commit the crime. Id. at 616. Because the evidence presented at trial indicated that the hawk killed by Stephens was an endangered bird species and Stephens admitted to shooting the hawk, Stephens's conviction was supported by substantial evidence. See Lee, 217 F.3d at 288; 50 C.F.R. § 10.13 (2005). As Stephens cannot show that he had no reasonable, legal alternative to violating the law, his conduct was not justified under the law. See United States v. Gant, 691 F.2d 1159, 1162-63 (5th Cir. 1982). In addition, federal law has provided no exemptions that would allow an individual to kill an endangered animal to protect property. See 16 U.S.C. §§ 703, 1538, 1539; see also Tennessee Valley Authority v. Hill, 437 U.S. 153, 188 (1978).

Stephens also contests his sentence as excessive. Title 18, section 3742(f)(2) and (3) requires that we affirm a sentence unless we determine that it is plainly unreasonable. Id.

Stephens's sentence of a $600 fine, one year of probation and a one-year ban from hunting is not plainly unreasonable given the statute's allowance of a $15,000 fine and 6 months of imprisonment.  See 16 U.S.C. § 707(a); 18 U.S.C. § 3742(f)(2), (3).

For the reasons stated above, Stephens's conviction and sentence are AFFIRMED.